UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERMAINE PAIGE MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08-CV-3 CAS |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Jermaine Paige McGee (registration no. 17971) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period preceding the receipt of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A

review of applicant's account statement indicates an average monthly deposit of $61.29, and an average monthly account balance of $00.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.26, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint and supplement

Plaintiff, a pre-trial detainee at the Mississippi County Jail in Charleston, Missouri, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983.

A review of the instant complaint and supplement [Docs. 1 and 3] indicates that although plaintiff may be able to assert non-frivolous claims for violations of his constitutional rights, the complaint suffers from several critical defects. First, plaintiff has failed to allege specific facts as to

all of the named defendants. Second, he has failed to allege what constitutional rights the defendants allegedly have violated. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims, but also the facts supporting his claims as to each named defendant.

Because plaintiff has failed to allege specific facts as to each defendant, the Court is unable to determine which claims, if any, are frivolous or fail to state a claim. Taking into consideration the fact that plaintiff is proceeding pro se, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Plaintiff is advised that his amended complaint will take the place of his original complaint and supplement, and will be the only complaint that this Court will review.

In addition, the present status of plaintiff's underlying state criminal case is unclear to the Court. As such, plaintiff will be instructed to provide the Court with specific information relative to his underlying state criminal case, as set forth below.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $12.26 within thirty (30) days from the date of this Order, if he has not already done so. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order. To file an amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint in federal court.[1] Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action. Plaintiff must write the name of each and every defendant he wishes to sue. In the "Statement of Claim," plaintiff shall set forth as to each defendant who is named in the "Caption" the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated. If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim." Plaintiff is advised that his amended complaint will completely supersede his original complaint and supplement, and will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that in the amended complaint, plaintiff shall set forth the following information relative to his underlying state criminal case: (1) the cause number and names of the parties to the action; (2) the present status of said case; and (3) the name of the state trial or appellate court in which said action is pending, if it is still pending. If the case is no longer pending, plaintiff shall attach to his amended complaint a copy of the state trial court's final judgment and, if applicable, a copy of the state appellate court's final judgment.

---

[1] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions, or to pay the initial partial filing fee, will result in dismissal of this action, without prejudice. See Edgington v. Missouri Department of Corrections, 53 F.3d 777, 779 (8th Cir. 1995).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of March, 2008.